UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT STOLARIK,

                    Plaintiff,

          v.

FEARS NACHAWATI, PLLC,

                    Defendant.

**Civil Action No.**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Robert Stolarik, for his Complaint against Defendant FEARS NACHAWATI, PLLC, based on knowledge and on information and belief as appropriate, hereby alleges as follows:

### NATURE OF THE CASE

1.      This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* arising from Defendant's unauthorized copying and publication on an internet webpage of a copyrighted image co-owned by Plaintiff, a commercial photojournalist. Plaintiff seeks, *inter alia*, actual damages, Defendant's profits, and/or statutory damages in relation to Defendant's willful acts of infringement.

### PARTIES

2.      Plaintiff Robert Stolarik is the author and co-owner with the New York Times, Inc., of copyrights in and to the subject "Tracy Morgan Walmart Truck" image ("Photograph"). Mr. Stolarik resides at 185 Russell Street, Brooklyn, New York, 11222.

3.      Defendant Fears Nachawati, PLLC ("Fears") is a Texas professional limited liability company with a principal place of business located at 4925 Greenville Avenue, Suite 715, Dallas, Texas, 75206.

### JURISDICTION AND VENUE

4.      This is a civil action seeking damages for copyright infringement under the

Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant because Defendant uploaded without permission onto the Internet for public access a copyrighted image co-owned by Mr. Stolarik, who is a resident of New York, causing him injury. *See Penguin Group (USA) Inc. v. American Buddha*, 640 F.3d 497, 500 (2d Cir. 2011).

6.     It was reasonably foreseeable that the provision of the subject Photograph that infringes the copyrights of Robert Stolarik (a New York resident) would have consequences in New York.

7.     Upon information and belief, Defendant Fears maintains offices in Texas, Colorado, and Florida, and derives substantial revenue from clients throughout those states and their surrounding states.

8.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) for the same reasons personal jurisdiction exists over Defendant.

## FACTUAL ALLEGATIONS

9.     Plaintiff Robert Stolarik is a photojournalist who has created hundreds of copyrighted photographs. Mr. Stolarik began his career as a photo journalist covering politics, conflict, feature, general and breaking news in the United States, Europe, South America and the Balkans. Mr. Stolarik has been a regular contributing photographer for the New York Times since 2000. Mr. Stolarik has won numerous awards for his work including the National Press Photographers Association's "Best of Photojournalism" award and various awards from the New York Press Photographers Association for his photography coverage of Hurricane Katrina and the September 11th terrorist attacks.

10.    Mr. Stolarik's work is the product of years of training and high level of skill in capturing, framing and shooting newsworthy photographs. A sample of his copyrighted work

is the photograph that is the subject of this proceeding, which is called the "Tracy Morgan Walmart Truck". A copy of this photograph is depicted below.



*Robert Stolarik for the New York Times.*

11.     This Photograph was registered with the United States Copyright Office on January 31, 2017, and was assigned a Registration Number of VA2-031-132. A copy of the Registration is attached as Exhibit A.

12.     Mr. Stolarik is the co-owner of the Photograph with the New York Times.

13.     The Photograph was first published on June 7, 2014 accompanying a *New York Times* article entitled "*Tracy Morgan Critically Hurt in New Jersey Car Crash*" at http://www.nytimes.com/2014/06/08/nyregion/tracy-morgan.html. A copy of the New York Times article containing the copyrighted Photograph is attached as Exhibit B.  A proper notice of copyright was placed under the Photograph indicating that Mr. Stolarik is the photographer.   Furthermore, another copyright notice "© 2014 The New York Times Company" was placed on the bottom of the webpage.

14.     On its website, Fears maintained a blog in which it discussed various topics relating to its practice and/or client base.  In one of these blog entries, Defendant copied and published the Photograph which is co-owned by Mr. Stolarik without permission.   The

Photograph was copied and posted by Defendant accompanying an article entitled "Comedian Tracy Morgan Sues Walmart For Negligence In Truck Accident" at www.txinjuryblog.com. A copy of the Fears internet webpage containing the blog entry with the copyrighted Photograph is attached as Exhibit C.

15.     The infringing Photograph was posted without any photo credit or citation to Mr. Stolarik as the photographer and owner of the Photograph.

16.     Defendant does not have any license, authorization, permission or consent to use the infringing Photograph.

17.     Plaintiff discovered the alleged infringement on July 31st, 2014.  On July 31st, 2014, Plaintiff provided written notice to Fears that the infringing Photograph constitutes infringement of Plaintiff's rights and demanded that Defendant immediately cease and desist from any further use of the infringing Photograph.

18.     In an attempt to compensate Mr. Stolarik for Fears' unauthorized use of his Photograph, and to do so without the time or expense of litigation, Plaintiff requested a retroactive license fee for the past use of the infringing Photograph.  Plaintiff did not at the time seek any damages for Fears' infringement of Mr. Stolarik's copyright.   Despite numerous attempts by the Plaintiff to resolve this matter amicably out of court, Fears refused to resolve this matter amicably.

19.     As a law firm, Fears was (and is) certainly well aware that rights under copyright law, pursuant to 17 U.S. Code § 102(a), attach once an image is created and therefore images, unless in the public domain, are the protected works and exclusive property of the originating photographer.

20.     As a law firm, Fears was (and is) certainly well aware that when it copied and distributed the Photograph with the photo-credit removed, that it was acting in violation of 17 USC § 1202 under which it is unlawful to remove photo credits and other copyright

management information from the body or area around a photo.

21.     Mr. Stolarik is an award-winning professional photojournalist. He commits and spends substantial time, effort and financial resources to create his photos. Defendant took his work product—his means of earning a living—without permission or crediting his name.  Upon information and belief, Defendant has made a profit from its unauthorized use of Mr. Stolarik's work and now refuse to compensate Mr. Stolarik for the use of what is lawfully his property.

22.     The exclusive rights in the Photograph co-owned by Mr. Stolarik were infringed upon by Defendant by the posting at the above referenced URL on the Fears website maintained by Fears for the duration of time the Photograph was posted without license.

23.     Plaintiff is entitled to redress for Defendant's willful, intentional and purposeful use and exploitation of the infringing Photograph for its own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff's rights.

**FIRST CAUSE OF ACTION**
**(COPYRIGHT INFRINGEMENT AGAINST FEARS)**
**(17 U.S.C. §§ 101, 501, 505, 1202, 1203)**

24.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 23, inclusive, and incorporates them herein by this reference.

25.     Plaintiff is currently, and at all relevant times has been, the co-owner of the copyrights to the Photograph.

26.     This Photograph was registered with the United States Copyright Office on January 31, 2017, and was assigned a Registration Number of VA2-031-132.

27.     Through its conduct averred herein, Defendant has infringed Plaintiff's copyright in the infringing Photograph in violation of 17 U.S.C. §§ 101 and 501.

28.     Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

29.     Defendant's wrongful and willful conduct has deprived Plaintiff of the benefits deriving from the exploitation of the Photograph, and deprived Plaintiff of the goodwill that would necessarily be associated therewith.

30.     Plaintiff has lost significant revenues from Defendant's posting of the Photograph and has sustained damages as a result of Defendant's wrongful conduct.

31.     Plaintiff is further entitled to recover from Defendant the damages, including attorneys' fees and costs and statutory damages for copyright infringement, Plaintiff has sustained, and any gains, profits, and advantages obtained by Defendant as a result of its acts of infringement above, pursuant to 17 U.S.C. §§ 504 and 505.

32.     Furthermore, because the infringing Photograph was originally published with photo credit on The New York Times website, and Defendant then copied, published and distributed the Photograph removing the photo credit, Defendant acted in violation of 17 U.S.C. § 1202 under which it is unlawful to remove photo credits and other copyright management information from the body or area around a photo.  Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to actual damages and/or statutory damages of up to $25,000 per violation, and attorneys' fees and costs.

## JURY DEMAND

33.     Plaintiff hereby demands a jury trial with respect to all issues so triable of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      That the Court find that Defendant has infringed Plaintiff's copyrights in the Photograph;

B.      That Defendant, its directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be permanently enjoined from directly or indirectly infringing Plaintiff's copyrights in the Photograph;

C.      That at Plaintiff's election, if so made, judgment be entered for Plaintiff and against Defendant for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of Plaintiff's copyrights in the Photograph, in accordance with proof;

D.      That at Plaintiff's election, if so made, judgment be entered for Plaintiff and against Defendant for statutory damages based upon Defendant's acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.;

E.      That Defendant be required to account for all of their gains, profits, and advantages derived from Defendant's acts of infringement and for their other violations of law alleged herein;

F.      That all gains, profits, and advantages derived by Defendant from their acts of infringement and other violations of law alleged herein be deemed to be held in constructive trust for the benefit of Plaintiff;

G.      That Plaintiff have judgment against Defendant for Plaintiff's costs and attorneys' fees;

H.      That the Court grant such other and further relief as the Court deems just and proper under the circumstances.

Dated:  July 20, 2017
        New York, New York

Respectfully submitted,


*/s/ Oleg A. Mestechkin*
Oleg A. Mestechkin, Esq. (OM4108)
**MESTECHKIN LAW GROUP P.C.**
200 Vesey Street, 24th Floor
New York, NY 10281
(212) 256-1113
om@lawmlg.com

*Attorneys for Plaintiff Robert Stolarik*